**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                  Case No.  8:06-cr-50-T-30MSS

**ADAM ACUNA**
_____

## ORDER

This cause comes before the Court upon Defendant's Motion to Suppress and Request for Evidentiary Hearing (Dkt. #20), and the United States' Response to Defendant's Motion to Suppress and Request for Evidentiary Hearing (Dkt. #27).  The Court, having considered the motion, response, memoranda, oral argument of counsel, and being otherwise advised in the premises, finds that Defendant's motion should be granted.

### Background

On January 13, 2005, Detective Kyle Bermingham of the Hardee County Drug Task Force swore to an arrest affidavit stating that:

> The undersigned affiant swears that he has just and reasonable grounds to believe that on 01/13/2005 at approximately 2300 hours, in the vicinity of Sunshine Trailer Park #8, Zolfo Springs, Hardee County, Florida, [Adam Acuna] . . .committed the offenses 1)[possession of methamphetamine with intent to sell and sale and 2) delivery of drug paraphernalia.]
>
> On January 13, 2005, the defendant sold a reliable confidential informant 3.5 grams of methamphetamine.  The CI was acting under the direction of the Hardee County Drug Task Force.  The illicit sale took place in trailer number 8, where defendant often resides.  The defendant handed our CI 3.5 grams of methamphetamine for the 300 dollars our CI gave him.  Our CI meets the Aguilar-Spinneli test of reliability and has been used on numerous occasions.

> During our many interactions with CI he/she has never given us information we knew to be false or later determined to be false.

Detective Bermingham's report of the January 13, 2005 investigation states as follows:

> On January 13th, 2005, Det. Nicholson and I met with a reliable confidential informant about the purchase of an 8-ball (3.5 grams) of methamphetamine from Adam Acuna.
> We searched CI and their vehicle; both were found to be without contraband. We then gave our CI 300 dollars to be used for the purchase. The CI then was driven by another person to trailer number 8, in Sunshine Trailer Park. CI went inside and purchased what was later determined to be about three and a half grams of methamphetamine. Our CI stated he purchased the crank from Adam Acuna. The CI then left and met with us and turned over the evidence to me.

On January 19, 2005, a warrant for Mr. Acuna's arrest was issued by a judge in the Tenth Judicial Circuit in and for Hardee County, Florida.

On March 5, 2005, Detectives Bermingham and Clay Nicholson along with Deputy Eric Thompson of the Hardee County Sheriff's Office were in pursuit of a vehicle in which they believed Mr. Acuna to be riding. Deputy Thompson pulled the vehicle over for an alleged traffic infraction, and the occupants were extracted and handcuffed. Mr. Acuna was arrested, and a search of the vehicle and Mr. Acuna was conducted incident to the arrest. Contraband was found in the vehicle and in defendant's pockets. No traffic citations were issued.

On October, 31, 2005, the United States brought a criminal complaint against Mr. Acuna alleging possession of a firearm and ammunition while being a convicted felon. The

firearms and ammunition referenced in the complaint were allegedly found in Mr. Acuna's possession in a search incident to arrest during the traffic stop.

Defendant argues that both the arrest warrant and the traffic stop were lacking in probable cause in violation of his Forth Amendment rights; therefore, all evidence gained as a result of those violations must be suppressed.

The Defendant and the Government agree to a majority of the facts contained within Defendant's Motion to Suppress.  Three issues remain in dispute: 1) the exact amount of methamphetamine sold to the CI, 2) whether a traffic infraction occurred (whether the vehicle's license plate was indeed partially obscured or whether the driver's failure to use a blinker when turning into a parking lot affected other traffic), and 3) whether other convicted methamphetamine dealers resided in trailer #8 at the Sunshine Trailer Park.  Based on the undisputed facts, it does not appear that an evidentiary hearing is necessary to consider testimony relating to the above three disputed issues.  None of the three disputed issues are pivotal to this Court's determination of Defendant' Motion to Suppress.

## Discussion

**I.  Arrest Warrant.**

Defendant submits that the affidavit for the arrest warrant was materially false or misleading in that it omitted information necessary to a proper determination of probable cause.  Mr. Acuna contends that the arrest warrant would have not been issued had the judge been apprised of the omitted, relevant information.  As a result, Defendant argues that all

evidence seized and all statements of Mr. Acuna obtained as a result of this illegal arrest warrant must be suppressed.

Defendant argues that Detective Bermingham's sworn affidavit in support of his application for an arrest warrant for Mr. Acuna omitted the following relevant facts regarding the investigation: 1) the detectives approached the confidential informant to inquire as to whether he/she could buy methamphetamine from Mr. Acuna to which he/she responded that he/she could not, but that a middleman could be used to conduct the transaction; 2) the middleman participating in the alleged transaction was not known to the police and was not searched; 3) instead of driving the confidential informant's vehicle, which had been searched, the confidential informant and the middleman left in the middleman's vehicle, which had not been searched; 4) the confidential informant and the middleman did not go to the FEMA trailer park as contemplated by the detectives, allegedly, they went to the Sunshine Trailer Park instead; 5) the detectives lost visual and audio contact with the confidential informant for a period of 15-20 minutes; and 6) most, if not all, of the information in Detective Bermingham's affidavit consists of the hearsay statements of an unnamed paid confidential informant. Accordingly, Defendant argues that Detective Bermingham's omission of the above factual information misled the court's finding of probable cause, as well as the detective's implication that the Hardee County Interagency Drug Task Force conducted a controlled buy.

### A. Controlled Buy.

A controlled buy occurs when a confidential informant conducts a transaction supervised and monitored by law enforcement. *Martin v. State*, 906 So. 2d 358, 360 (Fla. 5th DCA 2005), citing *McCall v. State*, 684 So. 2d 260, 262 (Fla. 4th DCA 1996). The advantage of a controlled buy is that law enforcement does not need to independently establish the informant's reliability in the search warrant affidavit, because law enforcement is present, and can corroborate the truthfulness of the informant's actions and words. *See Martin* at 360, citing *Malone v. State*, 651 So.2d 733, 734 (Fla. 5th DCA 1995).

From the face of the affidavit it is apparent that Detective Bermingham approached the confidential informant on the basis of a controlled buy. Further, it is apparent that Detective Bermingham presented the affidavit to the state court judge as a "controlled buy."

The affidavit states, in pertinent part, that "[t]he CI was acting under the direction of the Hardee County Drug Task Force." Additionally, it is apparent to the Court that the language of the affidavit implies that the actions of the CI were being monitored and supervised by the Hardee County Drug Force, when in fact they were not, at least not at all times. From a review of the record, the Court concludes that the transaction at issue was not a "controlled buy," because the sale was not supervised or monitored by law enforcement officers.

### B. Omitted Relevant Facts.

The Supreme Court has asserted a constitutional prohibition against police officers using knowingly or recklessly false statements in support of a search warrant. *Franks v.*

*Delaware*, 438 U.S. 154, 165-66 (1978).  In *Franks*, the Supreme Court explained, "[w]hen the Fourth Amendment demands a factual showing sufficient to comprise 'probable cause,' the obvious assumption is that there will be a truthful showing. . ." *See id.*  In order to determine whether the movant's Fourth Amendment rights have been violated, a court must consider: 1) whether the alleged misstatements were made either intentionally or in reckless disregard for the truth, and if so, 2) whether, after deleting the misstatements, the affidavit is insufficient to establish probable cause.  *United States v. Kirk*, 781 F.2d 1498, 1502 (11th Cir. 1986).  The Eleventh Circuit has held that the reasoning in *Franks* also applies to information omitted from warrant affidavits.  *See Madiwale v. Savaiko*, 117 F.3d 1321, 1326 (11th Cir. 1997).  "[W]hen facts omitted from the affidavit are clearly critical to a finding of probable cause the fact of recklessness may be inferred from proof of the omission itself." *Id*. at 1327, quoting *United States v. Martin*, 615 F.2d 318, 329 (5th Cir. 1980).

From a review of the record, it appears that numerous relevant facts were omitted from the affidavit, to wit: CI rode with unknown middleman in middleman's vehicle, middleman's vehicle had not been searched prior to the buy, CI and middleman were not supervised or monitored by law enforcement for 15-20 minute time period, CI and middleman went to a different residence where other unknown third parties resided.  These facts were critical to the finding of probable cause.

Even if the information of the confidential informant had been presented in the form of a "tip," rather than a controlled buy, the affidavit's validity would be suspect because numerous relevant facts were omitted from the content of the affidavit.  *See Johnson v. State*,

660 So. 2d 648 (Fla. 1995). Hearsay information provided by a confidential informant can be sufficient to support a search warrant, only if the information provided in the affidavit satisfies the *Gates* test. In *Gates*, probable cause exists as long as the probable "veracity" and "basis of knowledge" of persons supplying hearsay information, plus the results of independent police investigation, make it reasonably likely that the information provided is correct. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983). *See also United States v. Robinson*, 336 F.3d 1293, 1296-97 (11th Cir. 2003) (reliance on warrant reasonable because officers corroborated information from confidential informant that defendant was distributing cocaine through trash pulls producing evidence indicating distribution).

In this case, Detective Bermingham's statement that the confidential informant meets the *Aquilar-Spinelli* test is conclusory; further, no meaningful information is provided as to the success of previous tips by the confidential informant or whether the confidential informant has a criminal record.[1] Finally, no corroborating facts are offered by Detective Bermingham to bolster the reliability of the confidential informant's hearsay statements.[2]

---

[1] *See Brown v. State*, 561 So.2d 1248 (Fla. 2d DCA 1990) (holding that an allegation that the confidential informant had previously provided reliable information to the Tampa Police Department was insufficient to establish the informant's reliability); *see also Fellows v. State*, 612 So.2d 686 (Fla. 2d DCA 1993) (holding that an allegation that the informant had previously provided reliable information to the Hillsborough County Sheriff's office was insufficient to establish the informant's reliability, where the affidavit failed to set forth facts from which the magistrate could find the affiant had personal knowledge of the confidential informant's reliability or facts which corroborate the reliability of the confidential informant from an independent source.)

[2] *See United States v. Solomon*, 728 F.Supp. 1544, 1548 (S.D. Fla. 1990), citing *Gates*, 462 U.S. at 257 (noting anonymous tips alone cannot constitute probable cause, however, police corroboration may redeem the tipster's unknown reliability and make up for a weak showing on the basis of his knowledge.)

Under the totality of the circumstances, it appears that the state court judge would not have issued a warrant had the judge been apprised of the omitted, relevant information. Accordingly, the January 19, 2005 arrest warrant is invalid.

## II. Traffic Stop.

The Government has conceded that the search of Defendant during the traffic stop was incident to the January 19, 2005 arrest warrant. The Government candidly acknowledged (to its credit) that if the arrest warrant was invalid, the search would lose its legal basis and would also be invalid. Having ruled the arrest warrant invalid, the Court determines the search is invalid and the fruits thereof must be suppressed.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Suppress (Dkt. #20-1) is GRANTED.

2. Defendant's Request for Evidentiary Hearing (Dkt. #20-2) is DENIED as moot.

3. Any evidence, either physical or testimonial, obtained as a result of the March 5, 2005, traffic stop shall be suppressed.

**DONE** and **ORDERED** in Tampa, Florida on May 10, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2006\06-cr-50.mts.wpd